EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JULIO M. MORALES, acusado y apelante.

Núm. 9775.—*Sometido:* Diciembre 15, 1942.   *Resuelto:* Diciembre 23, 1942.

*Antonio L. López,* abogado del acusado; *Hon. Procurador General Interino M. Rodríguez Ramos y R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Horacio Nieves, Policía Insular, denunció a Julio M. Morales porque en Caguas, el 24 de agosto de 1941, domingo,

a las nueve y media de la mañana, tenía abierto al público su establecimiento comercial.

El 17 de octubre siguiente se llamó la causa para su vista en apelación ante la corte de distrito y el acusado por su abogado hizo constar "a los efectos del récord" que no existía la ley que en la denuncia se decía infringida, artículo 553 del Código Penal enmendado por la Ley 110 de 1937 (Leyes de 1936-37, pág. 268), por haberse ésta derogado.

Se practicó la prueba y estimándola suficiente la corte declaró culpable al acusado de una "infracción al artículo 553 del Código Penal" y lo condenó a pagar diez dólares de multa y en defecto de pago a cumplir un día de cárcel por cada dólar dejado de satisfacer. Apeló Morales para ante esta Corte Suprema y en su alegato señala tres errores como cometidos por la corte sentenciadora al condenarlo por infringir la Ley 306 del 15 de mayo de 1938 (pág. 568), cuando la denuncia se refería a la Ley 110 de 1937; al desestimar su moción de *nonsuit,* y al apreciar la prueba con pasión, prejuicio y parcialidad en contra suya.

■■ El primer error no fué cometido. Los hechos imputados al apelante en la denuncia constituyen una infracción al artículo 553 del Código Penal y por esa infracción fué que la corte dictó su sentencia.

Es cierto que en la denuncia se dijo: "Art. 553 del Código Penal, enmendado por la Ley núm. 110 de 1937," siguiendo seguramente el texto de la edición de 1937 del Código; que la Legislatura por la Ley 306 de 1938 enmendó el artículo 553 redactándolo de nuevo y disponiendo que toda ley o parte de ley que a ella se opusiera quedaba derogada, y que la infracción se perpetró en 1941, pero también lo es que se trataba del mismo artículo del Código Penal y que los hechos expuestos en la denuncia y probados en el juicio constituían una infracción al artículo no ya como quedó enmendado en 1938 si que como lo había sido en 1937. La enmienda del 1938 en nada varió el precepto en cuanto a

la modalidad del delito imputado en este caso, esto es, cierre al público de establecimientos comerciales los domingos.

█ La evidencia practicada fué contradictoria. La hemos examinado y la encontramos suficiente. La de El Pueblo en sí misma, era bastante. La aportada luego por el acusado no fué creída por la corte.

No existen, en tal virtud, los otros errores señalados, *y el recurso debe declararse sin lugar, confirmándose la sentencia apelada.*